UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kevin Alston, | ) | |
| | ) | C/A No. 4:06-381-GRA-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff's attorney petitions this Court for an award of attorney's fees in the above-captioned case pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Plaintiff's attorney seeks $3,195.00 in attorney's fees for 20 hours at $159.75 per hour.  The government filed a response objecting to the petition for attorney's fees because it claims its position was substantially justified.

In the Report and Recommendation adopted by this Court, the magistrate concluded that the Administrative Law Judge failed to obtain vocational expert testimony based on the plaintiff's non-exertional impairments.  Instead, the ALJ relied solely on the medical-vocational guidelines.  When a claimant has non-exertional impairments, the ALJ may not give preclusive effect to the grids and must produce specific vocational evidence showing that the national economy offers employment opportunities to the claimant.  *Hammond v. Heckler*, 765 F.2d 424 (4th Cir. 1985).

1

The Court finds that the government's support of the ALJ's position was not substantially justified in light of 4th Circuit precedent. Therefore, Plaintiff's attorney is entitled to attorney's fees under the EAJA. This includes an additional 3.3 hours to compensate Plaintiff's attorney for time spent researching and preparing a reply to the government's response in opposition to the motion.

IT IS THEREFORE ORDERED that Plaintiff's attorney be awarded three thousand, seven hundred twenty-two dollars and eighteen cents ($3,722.18) in attorney's fees.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 7, 2007

Anderson, South Carolina